Donald WELLS; Sharyn Wells, as Personal Representative of the Estate of Donald Wells Plaintiffs–Appellees,

v.

DISTRICT LODGE 751, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS AFL–CIO, a Labor Organization, Defendant–Appellant.

No. 99–35808.

D.C. No. CV–97–00289–RSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2000.

Decided Feb. 23, 2001.

Before REINHARDT, WARDLAW, and GOULD Circuit Judges.

MEMORANDUM [*]

Donald Wells, a former employee of District Lodge 751 ("the union") brought an action against the union alleging violations of the Americans with Disabilities Act ("ADA"), the Washington Law against Discrimination ("WLAD"), and breach of contract. The union appeals the district court's judgment, following a jury verdict and award of $80,000 in damages, in favor of Sharyn Wells, as personal representative of the estate of Donald Wells. We affirm in part and reverse in part the district court's judgment.

■ The union argues that the district court erred in denying its motion for judgment as a matter of law on Wells's discrimination claims because Wells was not a qualified individual under the ADA and the WLAD, and because the medical leave requested by him was not a reasonable accommodation. The union first argues that Wells was not a qualified individual because he was not able to work and had no reasonable expectation of ever returning to work. However, Wells offered medical testimony indicating that he was able to perform the essential duties of his job on the day of his termination. In light of the evidence of the marked improvement in Wells's condition due to the success of the experimental cancer treatment,

[*] This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Wells's application for and continued receipt of Social Security Disability Insurance is not inconsistent with his position at trial that he was qualified to work at the time of his termination. *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 805, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). Because Wells's supervisor was aware that he was in an experimental treatment program and Wells informed him one week before his termination on July 31 that he was confident that he would be able to return to work in September, the requested extension of his sick leave was not an unreasonable accommodation as a matter of law. *Kimbro v. Atlantic Richfield Co.,* 889 F.2d 869, 879 (9th Cir.1989). In sum, we affirm the district court's denial of the union's motion for judgment as a matter of law on Wells's discrimination claims because a jury could reasonably find that the termination violated the ADA and the WLAD.

■ The trial court denied the union's motion for judgment as a matter of law on Wells's breach of contract claim and ordered a new trial on that issue when the jury deadlocked. The jury's award of $40,000 in economic damages for violation of the ADA and WLAD represents the amount of compensatory damages the jury believed Wells suffered as a result of his unlawful termination. The measure of damages for the ADA and WLAD claims, on the one hand, and the contract claim, on the other hand, is the same. In short, any damages Wells could have received under his contract claim would also have been compensable under his ADA and WLAD claims. The jury's damages assessment with respect to the ADA claim binds the court with respect to the contract claim. Thus, because under the doctrine of issue preclusion Wells cannot recover any additional damages if he prevails on his contract claim, we reverse the district court's

grant of a new trial on the contract claim without reaching the merits of that claim.

■ The union also appeals the district court's denial of its motion to amend the judgment by subtracting backpay from the damages award in light of our recent decision in *Fredenburg v. Contra Costa County Dep't of Health Servs.,* 172 F.3d 1176, 1181 (9th Cir.1999). Even if the dicta in *Fredenburg* suggesting that a plaintiff who takes inconsistent positions may not receive both disability benefits and backpay were binding on us, *Fredenburg* does not apply to Wells's award. Unlike the plaintiff in *Fredenburg,* Wells's application for and continued receipt of benefits was not inconsistent with his contention that he was qualified to work at the time of his termination. *Cleveland,* 526 U.S. at 805, 119 S.Ct. 1597.

■ The union contends that Wells's application for attorneys' fees and costs should be stricken because it was not timely filed. The district court did not abuse its discretion by granting Wells an enlargement of time to file the application on the grounds that Wells had shown excusable neglect pursuant to Fed.R.Civ.P. 6(b)(2). *See Bateman v. United States Postal Serv.,* 231 F.3d 1220, 1224 (9th Cir. 2000).

■ The district court did, however, err in awarding interest on the attorneys' fees award retroactive to the time of the original judgment on the jury verdict entered on April 28, 1999. Because the April 28 judgment on the jury verdict does not include a statement of entitlement to attorneys' fees and the district judge did not find that Wells was entitled to attorneys' fees until the amended judgment entered on July 30, interest must run from the date of the amended rather than the original judgment. *Friend v. Kolodzieczak,* 72 F.3d 1386, 1391–92 (9th Cir.1995). The district court therefore abused its discre-

tion in granting post-judgment interest retroactive to the original judgment on a jury verdict.

Accordingly, the denial of the union's motions for judgment as a matter of law with respect to Wells's ADA and WLAD claims is AFFIRMED; the grant of Wells's motion for a new trial on the contract claim is REVERSED; the denial of the union's motion to amend the judgment and motion to strike Wells's application for attorneys' fees and costs is AFFIRMED; and the order awarding interest on the attorneys' fees award retroactive to the original judgment on the jury verdict is REVERSED. The case is hereby REMANDED to the district court for proceedings consistent with this disposition. Costs are awarded to the plaintiffs-appellees.

REMANDED.